**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael Lyn SMITH, Defendant–Appellant.**

No. 15165.

Missouri Court of Appeals, Southern District, Division Two.

June 6, 1988.

Motion for Rehearing and Application to Transfer Denied and Overruled June 16, 1988.

Gary M. Wilson, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

An amended information charged that the defendant committed the class A felony of robbery in the first degree by forcibly stealing beer in the charge of Ronald L. Lowther and in the course thereof displaying a dangerous instrument. § 569.020. A jury found him guilty. The court sentenced him as a prior offender to imprisonment for ten years.

Only a sketch of the facts is necessary to the consideration and disposition of the defendant's one point on appeal. On July 11, 1986, Ronald L. Lowther was the sole attendant at a convenience store in Springfield. In the early morning hours a man removed a 12–pack and a 6–pack of beer from a cooler and walked towards the checkout counter. Lowther told the man he could not sell him the beer because it was after 1:30 a.m. The man responded, "I know. That's why I'm taking it." He left the store. A young man and two ladies were customers in the store at the time.

Lowther followed the man out of the store and shouted, "You can't. You can't take the beer." The man turned around with a knife to face Lowther and said, "Yes, I can." The man took a few steps towards Lowther, who took a few steps back. The young male customer, Christopher Lancaster, carried a baseball bat from the store and gave it to Lowther for protection. A woman sitting in the driver's seat of a car located on the south side of the store yelled, "Mike, get in the car." The man then got in the backseat of the car and the car drove off. Lowther saw an older man who looked to be about 50 sitting in

the backseat of the car. Lowther called the police. Lowther told the police the suspect had brown curly hair, that he was not wearing a shirt, and that he was wearing blue-jeans shorts. He gave them the license plate number on the car.

A police officer drove to the address of the registered owner of the car. The car was not there at that time. The officer drove by the house a second time and met the car. He stopped the car. A female in her late teens or early twenties was driving the car. A white middle-aged man was sitting in the front right passenger seat of the car. The defendant was sitting in the backseat of the car. A 12–pack of Coors beer, four unopened and two opened cans of Budweiser beer and a knife were in the backseat. The beer was cold. The officer arrested the defendant.

Lowther identified the defendant in a photographic lineup a few days later. Lowther testified that he had no doubt in his identification of the defendant as the robber. Lancaster testified he could not identify the defendant as the robber at a lineup held the day of the trial. He said he could not do so in the courtroom, but the defendant looked similar to the robber.

The defendant relied upon a defense of mistaken identity. By examination and cross-examination, he brought out discrepancies in the description of the robber, the clothing he was wearing, whether or not he had tattoos and where he had the knife. He emphasized the fact Lancaster did not identify him at the lineup.

Defendant's sole point on appeal is that the trial court erred in overruling his objection to and request for a mistrial because of the prosecuting attorney's remark during defendant's closing argument that defendant had not said anything during his trial. He contends this was a direct comment on defendant's failure to testify in violation of his constitutional right to remain silent.

The remark in question came in the form of an objection to the defendant's closing argument referring to witness Lancaster. The relevant portions of that closing argument and the objection are as follows:

MR. McNABB: He thought he could come in here, like Mr. Lowther did at the preliminary hearing when nobody else was there and say—and turn and say, 'That's the man.' That would have been your man. It would have been easy, but that was prevented and it wasn't—it wasn't his idea to have a lineup. It was Mr. Smith's idea to have a lineup. He requested to—to see this man. *He says he can't do it because the person*—and you heard all the proceedings that went through on the—(emphasis added)

MR. MARQUARDT: Your honor, I have to object to that argument. *Mr. Smith never said anything in this trial.* (emphasis added)

"It is well established that both direct and indirect references to the appellant's failure to testify or his right not to testify are prohibited....; § 546.270, RSMo 1978, Rule 27.05(a),...." *State v. Elliott*, 735 S.W.2d 173, 175 (Mo.App.1987) (citation omitted).

However, this prohibition is not absolute. It is subject to an exception recently recognized and applied by the United States Supreme Court in *United States v. Robinson*, 485 U.S. ——, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988). In that case the defendant was charged with mail fraud. The defendant did not testify at trial. In closing argument defense counsel asserted the government had denied the defendant the opportunity to explain his actions. In final argument the prosecutor made the following remark:

'[Defense counsel] has made comments to the extent the Government has not allowed the defendants an opportunity to explain. It is totally unacceptable..... *He could have taken the stand and explained* it to you, anything he wanted to. The United States of America has given him, throughout, the opportunity to explain....'

Id., 485 U.S. at ——, 108 S.Ct. at 867, 99 L.Ed.2d at 28–29 (emphasis added). The Supreme Court held this remark did not constitute error. It summarized the basis for that holding as follows:

Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, *Griffin* [*v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)] holds that the privilege against compulsory self-incrimination is violated. But where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege.

Id, 485 U.S. at ——, 108 S.Ct. at 869, 99 L.Ed.2d at 31.

The exception is recognized in this state. *State v. Brannson*, 679 S.W.2d 246 (Mo. banc 1984). It usually finds application in respect to a retaliatory argument. However, the principle is applicable to objections made by a prosecuting attorney. Id.; *Wills v. State*, 636 P.2d 372 (Okl.Cr.1981). The exception is discussed in Cook, Constitutional Rights of the Accused § 18:21 (2nd ed.1986). For examples of its application see *State v. Walls*, 744 S.W.2d 791 (Mo. banc 1988); *State v. Sandles*, 740 S.W.2d 169 (Mo. banc 1987); *State v. Mallory*, 747 S.W.2d 209 (Mo.App.1988); *State v. Allen*, 710 S.W.2d 912 (Mo.App.1986); *State v. Kelly*, 689 S.W.2d 639 (Mo.App.1985); *State v. Bockes*, 676 S.W.2d 272 (Mo.App. 1984).

The defense argument that provoked the objection in question has been quoted. It was obviously an attempt to place before the jury the equivalent of the defendant's testimony that Lancaster could not identify him because he was not the robber. It was so interpreted by the trial court. "The trial court was in a better position to evaluate the tone of the argument." *State v. Walls*, supra, at 798.

Perhaps the prosecutor could have framed his objection in general terms in reference to the record. See *State v. Brannson*, supra. But, the objection was made in "the heat of trial" and was responsive to defendant's improper argument. It was a proper objection and falls within the scope of the exception discussed. To overrule the defendant's request in respect to

that remark was not error. Cf. *Wills v. State*, supra. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.