Kimberly A. CLEVENGER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 47398.

Missouri Court of Appeals,
Western District.

Sept. 14, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

David Edward Pettyjohn, Kansas City, for respondent.

Before SPINDEN, P.J. and FENNER and HANNA, JJ.

PER CURIAM:

The Director of Revenue (director) suspended Kimberly Ann Clevenger's (petitioner) drivers license for driving a motor vehicle while her blood alcohol content was more than 0.10% by weight. §§ 302.500, .541,

---

RSMo 1986 and Supp.1992.[1] Pursuant to § 302.535.1, RSMo 1986, petitioner filed a petition for a trial de novo in the circuit court. The court reinstated petitioners license finding that the officer did not have probable cause to stop petitioners vehicle as required by § 302.505.1.

The director appeals arguing that the trial court erred in reinstating petitioners license because the evidence showed that the officer observed petitioner operating her vehicle in excess of the speed limit and in an unusual manner. The director also asserts that the court erred in assessing costs against him.

About 3:18 a.m. on August 28, 1992, Sergeant Edward Malloy of the Kansas City, Missouri Police Department stopped petitioner after he observed her vehicle exceeding the posted speed limit on I–70. His testimony at trial described the events preceding the stop as follows:

> At that time, I was eastbound on I–70 at the Manchester bridge. In my rearview mirror I could see a car coming up behind me in what appeared to be an excessive speed. And as it approached—I could see it for approximately ¾ of a mile, and it began to overtake me, at which time the vehicle hit its brakes and almost went into a skid right next to my police car and reduced its speed to about the same speed I was traveling. At that time I pulled the vehicle over.

Sergeant Malloy testified that he was traveling 55 miles per hour when he saw petitioner approach him. Sergeant Malloy contacted Officer Dawn DeSmet on the radio to complete the arrest and reports.

The following details come from the police reports which were placed in evidence as a part of the certified copy of records from the Department of Revenue file. In the Alcohol Influence Report,[2] Officer DeSmet reported that on August 28, 1992, she was dispatched to I–70 and Manchester to meet Sergeant Malloy on a traffic violation. Officer DeSmet administered several field sobriety tests, which petitioner failed. Officer DeSmet arrested petitioner for speeding and driving while intoxicated, and transported her to the police station. The Missouri Uniform Traffic tickets issued to petitioner[3] stated that the offenses occurred in Kansas City, Missouri, at or near I–70 and Manchester.

Officer DeSmet informed petitioner of her *Miranda*[4] rights, and of her rights under the Implied Consent Act, § 577.041. Officer DeSmet, whom petitioner agreed holds the appropriate permits, administered a breathalyzer test to petitioner. The test showed that at 4:07 a.m., August 28, 1992, petitioner had a blood alcohol content of .155%. The petitioner presented no evidence at trial. The court reinstated petitioners drivers license and assessed costs against the director.

Petitioner maintains that the director had failed to prove that Sergeant Malloy had probable cause to stop petitioner because there was no evidence of the speed limit at that location. The petitioner does not contest the evidence that she was driving faster than 55 miles per hour. The director responded that he need only show probable cause for the stop, not prove the actual criminal violation. The probable cause, according to the director, consisted of his observation of the petitioner operating her vehicle in excess of the posted speed limit and in an unusual manner.

■ The director appeals on two points, the second being that the trial court erred in assessing costs against him under § 536.-087.1. Petitioner does not contest this point. While the prevailing party may be awarded costs in a civil action arising from a state agency proceeding, drivers license proceedings are specifically excluded under § 536.-085(1). We reverse the award of costs against the director.

---

1. All sectional references are to Missouri Revised Statutes Cumulative Supplement 1992, unless otherwise indicated.

2. Required by § 302.510.1.

3. Tickets were issued for exceeding the posted speed limit and operating a motor vehicle while under the influence of intoxicating liquor in violation of Kansas City, Mo., Rev. Ordinances §§ 34.90c & 34.116A, respectively.

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In his first point, the issue is whether the officer had probable cause to make the initial stop of petitioners vehicle. The trial courts decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Kimber v. Director of Revenue,* 817 S.W.2d 627, 629–30 (Mo.App.1991). It is the director who bears the burden of proof in a trial *de novo of an administrative suspension.* § 302.535.1, RSMo 1986. The director must produce evidence that the officer had probable cause to make the arrest, and that petitioner was driving with a blood alcohol content of greater than 0.10% by weight. *Aron v. Director of Revenue,* 737 S.W.2d 718, 719 (Mo. banc 1987). Petitioner's blood alcohol content is not disputed.

■ The trial court believed Sergeant Malloy's testimony, but did not believe that the testimony was sufficient to establish probable cause for the stop. Specifically, Sergeant Malloy testified that he was traveling on I–70 at 55 miles per hour, which was the posted speed limit, when petitioner overtook his car at an excessive rate of speed. As the petitioners vehicle began to overtake him, she applied her brakes such that the car almost went into a skid, which reduced her speed to about the same as the officers vehicle. We need not decide whether these facts alone are sufficient to establish probable cause for the stop. The Department of Revenues file, admitted into evidence without objection, places petitioner on I–70 at the Manchester bridge in Kansas City, Missouri. The court knew, therefore, that the location of the stop was on an interstate highway within the Kansas City, Missouri city limits.

■ Under § 304.009.1, the uniform *maximum* speed limit on all highways of this state, not including parts of the interstate system of highways outside urbanized areas with a population of fifty thousand or more, is 55 miles per hour. The trial court could take judicial notice of this statute to determine that the highest possible speed limit at the location of the stop was 55 miles per hour. *See State v. Sanner,* 655 S.W.2d 868, 875 n. 8 (Mo.App.1983). If Sergeant Malloy was traveling 55 miles per hour and the petitioner was rapidly overtaking him, then the officer would have probable cause to believe she was exceeding the maximum speed limit of 55 miles per hour under § 304.009.1.[5] The trial court decision is not supported by the evidence, and appears to have been based upon an erroneous application of the law.

The judgment is reversed, with directions to reinstate the directors suspension of the driver's license of Kimberly Ann Clevenger for driving with a blood alcohol content of over 0.10% and to assess costs against the petitioner.

---

5. An officer of the Kansas City, Missouri Police Department is not limited to making arrests for city ordinance violations but has the power to arrest for offenses against the state as a sheriff or any other peace officer. § 84.440, RSMo 1986; *State v. Cantrell,* 310 S.W.2d 866, 869 (Mo.1958).