**STATE of Missouri, Respondent,**

v.

**Troy L. DOLLENS, Appellant.**

No. 64953.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 28, 1994.

J. Kevin Hamlett, Mexico, for appellant.

Thomas I. Osborne, Pros. Atty., Randall M. England, Asst. Pros. Atty., Audrain County, Mexico, for respondent.

CRIST, Presiding Judge.

Defendant was charged with driving while intoxicated and exceeding the speed limit. The jury acquitted Defendant of driving while intoxicated but found him guilty of exceeding the speed limit in violation of § 304.009, RSMo Supp.1993. Defendant appeals from this conviction. We affirm.

At trial, the State presented testimony from Officer McPike of the Missouri State Highway Patrol. He testified he was operating radar on Missouri Highway 15 at approximately 4:30 p.m. when he spotted Defendant's vehicle. He visually estimated its speed to be in excess of 55 miles per hour. After checking the speed of the vehicle with his radar unit and determining it was travelling 66 miles per hour, Officer McPike pulled the Defendant over. He noticed Defendant's breath smelled of alcohol, his eyes were bloodshot, and he asked Defendant to perform six field sobriety tests.

After conducting the tests, Officer McPike placed Defendant under arrest and transported him to the Audrain County Sheriff's Department where he asked Defendant to submit to a breathalyzer test. Defendant telephoned his attorney and asked him to come to the police station. However, Officer McPike told Defendant he could not wait for his attorney to arrive before deciding whether to take the breathalyzer test. Officer McPike suggested Defendant phone his attorney back but Defendant refused. Defendant then smoked a cigarette after being informed he could not take the breathalyzer test after smoking. Defendant's attorney arrived at the police station within minutes of Defendant's call but stated there was nothing he could do since Defendant was smoking a cigarette. After Defendant was released on bond, he went to the hospital and had his blood privately tested. This test showed Defendant's blood alcohol serum content was at .068%.

At trial, Defendant called Ronald Early who testified he was with Defendant from 10 a.m. until immediately before Defendant was stopped for speeding. Early stated Defen-

dant had one or two beers while working on his car radio, but he was not intoxicated. In his opening statement, defense counsel told the jury Defendant would also be called to testify, and he fully detailed what the content of Defendant's testimony would be. However, Defendant was not called to testify at trial.

In his closing argument, the prosecutor pointed out Defendant's failure to present all the evidence outlined in his opening statement. The jury found Defendant guilty of exceeding the speed limit but acquitted him of driving while intoxicated. He was sentenced to 90 days in the county jail and fined $50.

In Point I, Defendant argues the trial court erred in denying his motion for a mistrial because statements made by the prosecutor in his closing argument constituted a direct and certain reference to the Defendant's failure to testify. During the prosecutor's closing argument, the following exchange took place:

[PROSECUTOR]: [Defense counsel] got up here and told you that the Defendant was going to take the stand and he was going to testify to thus and so.

[DEFENSE COUNSEL]: Your Honor, at this time I would like to object to that reference and move for a mistrial.

THE COURT: The objection is overruled, and the motion is denied.

[PROSECUTOR]: .... Well, if the defense had taken the stand in this case, they would have contradicted their own witness to the extent two and three. And there may be other reasons why the defendant didn't take the stand.

[DEFENSE COUNSEL]: I renew my motion, Your Honor.

THE COURT: Overruled.

On appeal, Defendant concedes his first objection was unwarranted as this statement was an acceptable retaliation to the comments he made in his opening statement promising Defendant would testify to certain things. However, Defendant argues the second portion of the prosecutor's argument constituted a direct and certain reference to

the Defendant's failure to testify and therefore mandated a mistrial. We disagree.

■ As a general rule, a prosecutor is forbidden from referring either directly or indirectly to defendant's failure to testify. *State v. Kalter*, 839 S.W.2d 670, 672[1] (Mo. App.1992).

However, in *United States v. Robinson*, 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988), the United States Supreme Court stated this prohibition was not absolute. In *Robinson*, the defendant's counsel asserted in his closing argument that the government had denied defendant an opportunity to explain his side of the story. In rebuttal, the prosecutor stated, "[Defendant] could have taken the stand and explained it to you, anything he wanted to." The Court found the prosecutor's comment did not violate defendant's right not to be compelled to testify against himself. In summarizing its holding, the Court stated:

> Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, or to treat the defendant's silence as substantive evidence of guilt, *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) holds that the privilege against compulsory self-incrimination is violated. But where, as in this case, the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by the defendant or his counsel, there is no violation of the privilege.

*Id.*, 485 U.S. at 25, 108 S.Ct. at 867, 99 L.Ed.2d at 28–29.

The *Robinson* exception was recognized in Missouri in *State v. Smith*, 752 S.W.2d 445 (Mo.App.1988). In *Smith*, the prosecutor objected to remarks made by defense counsel in closing which referred to something defendant "said" where defendant had not taken the stand. *Id.* at 446. In objecting, the prosecutor stated "Smith never said anything in this trial."

On appeal, defendant alleged the court erred in not granting a mistrial following the prosecutor's comment on his failure to take the stand. The court found, although the prosecutor's comment referred to defendant's failure to testify, it fell within the *Robinson* exception because it was a fair response to defense counsel's comments. *Id.*

■ We find the prosecutor's comment that there may be reasons why Defendant did not take the stand was a fair response to Defendant's opening statement in which his counsel told the jury Defendant would take the stand and then proceeded to outline the details of Defendant's testimony for the jury. *See, Robinson*, 485 U.S. at 33–34, 108 S.Ct. at 869–70, 99 L.Ed.2d at 32. Point denied.

■ In his second point, Defendant also claims the prosecutor made improper references to Defendant's failure to testify in his closing argument. In the second portion complained of, the prosecutor informed the jury all witnesses called to testify by either the State or the defense may be asked if they have a criminal record. *See,* § 491.050, RSMo 1986. The prosecutor then reminded the jury that Defendant's witness, Ronald Early, admitted he had been convicted of possessing a firearm while intoxicated. After making this point, the prosecutor went on to discuss the Defendant's failure to submit to the breathalyzer test. In the course of this discussion, the following exchange occurred:

> [PROSECUTOR]: ... Ladies and gentlemen, you can reasonably infer that the reason that the defendant did not take the test in this case was that he thought that the results would be unfavorable to him. Obviously, that's the reason that it's in the statutes, that when the Trooper tells him, "If you don't take the stand, it's going to be held against you at trial."
>
> [DEFENSE COUNSEL]: Your Honor, I would object at this time. May we approach the bench?
>
> [Counsel approached the bench and the following proceedings were had:]
>
> THE COURT: Mr. Osborne, I think you misstated yourself. You said, "if you don't take the stand," and I think you meant to say, "if you don't take the test."
>
> [PROSECUTOR]: Take the test, I'm sorry.
>
> [DEFENSE COUNSEL]: Move for a mistrial, Your Honor.

THE COURT: Motion denied. I do think you should correct that.

[Proceedings returned to open court.]

[PROSECUTOR]: I'm sorry. I misstated. I said, "if he doesn't take the stand." I meant, "if he doesn't take the test."

We find the prosecutor's reference to Defendant's failure to testify was cured by his informing the jury he misspoke. The decision not to grant a mistrial is within the trial court's discretion, as it is in a better position to judge the prejudicial effects of the error. *State v. Vineyard,* 839 S.W.2d 686, 691[17] (Mo.App.1992). Point denied.

■ In Point III, Defendant argues there was insufficient evidence to support his conviction for exceeding the speed limit because no evidence was presented at trial to establish the speed limit on Missouri Highway 15 was 55 miles per hour. We disagree.

■ The record establishes Defendant was stopped for speeding on Missouri Highway 15. Section 304.009.1, RSMo Supp.1993, states: "The uniform maximum speed limit upon roads and highways of this state which are not part of the interstate system of highways outside urbanized areas of fifty thousand population or more shall be fifty-five miles per hour." Therefore, the maximum speed limit which could have been posted on Missouri Highway 15 was 55 miles per hour as a matter of law. The State was not required to bring § 302.009.1 to the court's attention as Missouri courts are under a duty to take judicial notice of state statutes, even if no specific request is made and no specific proof on the subject is presented at trial. *See, State v. James,* 796 S.W.2d 398, 399[3] (Mo.App.1990); *See also, Clevenger v. Director of Revenue,* 861 S.W.2d 193, 195[3] (Mo.App.1993) (holding even though there was no direct evidence as to the posted speed limit at the location where the motorist was stopped, the court could take judicial notice that the maximum speed limit was 55 miles per hour). Further, although sufficient evidence was presented at trial for the jury to find the speed limit at the location where Defendant was stopped was 55 miles per hour, the jury was not asked to decide this issue. Jury Instruction No. 6 only asked the jury to decide whether "[Defendant] exceeded the 55 mile an hour speed limit." Point denied.

Judgment affirmed.

CRANDALL and CRANE, JJ., concur.