Joseph David **MISURACA, JR.,**
Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI,** Respondent/Appellant.

No. 66552.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 11, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, for appellant.

Mark S. Levitt, Clayton, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the circuit court's order restoring petitioner's driving privileges after they had been revoked under the administrative revocation provisions of §§ 302.500–302.541, RSMo 1994.[1]  Petitioner's revocation was sustained after an administrative hearing, and he filed a petition for trial *de novo* in circuit court pursuant to § 302.535.  After a hearing, the circuit court restored petitioner's driving privileges.  We reverse and remand.

Petitioner filed his petition for trial *de novo* on April 18, 1994, and the cause was set for trial on June 8, 1994.  The Director filed an affidavit claiming the arresting officer was undergoing open-heart surgery and motioned for a continuance.  The court continued the trial date to June 22, 1994.  The cause was called on that day, and the court denied a

---

1. All further statutory citations are RSMo 1994.

further motion for continuance by the Director.

At the trial *de novo*, the Director sought to admit three exhibits into evidence. Exhibit C (a copy of the City of Hazelwood ordinance prohibiting driving while intoxicated) and Exhibit B (the maintenance report of the breath analysis machine upon which the petitioner was allegedly tested) were admitted without objection. However, a motion to exclude the admission of Exhibit A was sustained. Exhibit A contained, *inter alia*, the breathalyzer printout, the Alcohol Influence Report and the police report of the arresting officer. The Director sought to have Exhibit A admitted as a business record of the Department of Revenue. The Director attempted to establish its foundation as a business record through the notarized affidavit of Doris Mae Brady. She attested that she was the custodian of records at the Department of Revenue–DWI Division, that Exhibit A contained records kept in the regular course of business at the Department of Revenue, that the record was produced by an employee or representative with knowledge of the content in the regular course of business and that the record was made at or near the time of the events recorded. She also asserted she was personally acquainted with each of these facts.[2]

In the court's order sustaining petitioner's objection to the admission of Exhibit A, the court described the basis of the objection as "not proper business record; no personal knowledge or belief as to creation of City of Hazelwood records; not in compliance with § 490.692." Furthermore, the court indicated during the hearing that the Department of Revenue's custodian of records was not the appropriate custodian of records to establish the business record foundation for the exhibit. Rather, the court intimated the records were those of the City of Hazelwood and a custodian of that entity was needed to establish its foundation.

After the exclusion of Exhibit A, the Director did not put forth any additional evidence. The court entered judgment in favor of petitioner due to the Director's "failure to move forward with evidence and meet her burden of proof." Petitioner's driving privileges were ordered reinstated.

■ On appeal, the Director asserts the trial court erred in not admitting Exhibit A as a business record in that its exclusion was unwarranted under the grounds stated.[3]

In *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993), our supreme court interpreted § 302.312 as excepting documents deposited or filed with the Department of Revenue from the best evidence rule requiring original documents. However, the supreme court specifically held that such documents remain subject "to the same foundation objections as would be their originals: authentification and hearsay." *Id.* at 338. The court suggested that the business records exception may be one method such documents could be admitted. *Id.* at 338 and n. 6.

The business record exception to the hearsay rule is contained in § 490.680:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Section 490.692 provides a method by which the custodian establishing the foundation for a business record pursuant to § 490.680 may do so by affidavit in lieu of testimony.

■ Documents of the Director of Revenue such as the ones in Exhibit A have been held to be admissible as a business record. *See, e.g., Hensley v. Director of Revenue*, 884 S.W.2d 419 (Mo.App.E.D.1994); *see also Narsh v. Director of Revenue*, 878 S.W.2d 82 (Mo.App.E.D.1994) (documents of the Department of Health were admitted with the foundation established by a custodian of that

---

2. The affidavit mirrored the affidavit form and content suggested in § 490.692.3.

3. Petitioner did not favor us with a brief.

entity). Section 302.510 places an affirmative duty on a law enforcement officer who arrests a person (with a blood alcohol content .10% or greater) for various driving while intoxicated statutes and ordinances to forward a report to the Department of Revenue.[4] § 302.510.1. The report is to include "all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated [the statute or ordinance], a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint with the court." *Id.* This report is to be made on forms supplied by the Department of Revenue or as specified by the Department of Revenue's regulations. § 302.510.2.

Section 302.510, therefore, dictates that the Department of Revenue receive certain documents in the ordinary course of its business. It further provides the mode and manner in which the documents are to be prepared. The *de novo* court's characterization of the documents contained in Exhibit A as business records exclusively of the City of Hazelwood was therefore incorrect. Although the procedure of that law enforcement jurisdiction may have been to copy and process those documents through the City of Hazelwood before forwarding them to the Department of Revenue, this procedure does not alter the character of the documents in the hands of the Department of Revenue. The custodian of records at the Department of Revenue was a proper person to establish the foundation of the documents of Exhibit A which were received and held by the Department of Revenue in accordance with § 302.510. Therefore, the *de novo* court erred if it found that the documents in Exhibit A were not records held in the ordinary course of business at the Department of Revenue and that those documents were exclusively those of the City of Hazelwood.

Finally, the court erred if it found that the director failed to comply with § 490.692. This section permits a certified affidavit of the custodian of records to be used instead of the custodian's testimony to establish the requirements of the business record exception. This section requires that the affidavit be substantially in the form and content of the one provided in § 490.692.3 and that a copy of the affidavit and the business records be served on the opposing party at least seven days prior to trial. § 490.692.2 and .3. As noted above, the affidavit mirrored the form and content of the affidavit provided in the statute. Moreover, nothing in the record or court's holding hints that petitioner was not served a copy of the affidavit and business record. In fact, the record shows that the court forwarded petitioner copies of Exhibit A on May 31, 1994—twenty-two days prior to trial.

We find that Exhibit A was admissible under the business record exception over the objections raised by petitioner. It was error for the *de novo* court to exclude the exhibit on those bases. The court's order reinstating petitioner's driving privileges is reversed, and the cause remanded for a new trial.

---

4. Specifically, the duty arises where the officer arrests "any person for a violation of section 577.010 or 577.012 RSMo, or for a violation of a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, . . . ." § 302.510.1.