# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

JOHN TIMOTHY ENOCHS,     )
     )
     Plaintiff/Appellant,     )     Dyer Equity No. 9179
     )
vs.     )
     )
DR. GEORGE N. NERREN,     )     Appeal No. O2A01-9505-CH-00113
Superintendent of Dyersburg     )
City Schools, and THE DYERSBURG     )
BOARD OF EDUCATION     )
     )
     Defendants/Appellees.     )

**FILED**

**Dec. 17, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF DYER COUNTY
AT DYERSBURG, TENNESSEE

THE HONORABLE J. STEVEN STAFFORD, CHANCELLOR

For the Plaintiff/Appellant:     For The Defendants/Appellees:

Charles Hampton White     Nicholas E. Bragorgos
Richard L. Colbert     James F. Horner
Nashville, Tennessee     Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

This case involves the dismissal of a tenured teacher. Appellant John Timothy Enochs ("Enochs") challenges his discharge by Appellee Dyersburg Board of Education ("Board") from his position as a tenured teacher in the Dyersburg City School System. After a hearing, Enochs' dismissal was affirmed by the trial court. In this appeal, Enochs claims that the trial court's hearing and review of the Board's dismissal violated the Teacher Tenure Act and his right to due process. We affirm the decision of the trial court.

In 1987, Dr. Wade Roby ("Roby"), Superintendent of the Dyersburg City School System, notified Enochs, a tenured teacher assigned to Dyersburg Middle School, that he was suspended with pay as a result of charges against him. Three weeks later, Roby sent Enochs a letter informing him of the charges against him and giving him notice that he had been recommended for dismissal. Under Tenn. Code Ann. § 49-5-501, Enochs was generally charged with conduct unbecoming a teacher, and the five specific charges brought against him involved the improper touching of several female students.[1] Roby's letter informed Enochs of his right to a hearing under Tenn. Code Ann. § 49-5-512.

In 1988, Enochs was convicted of violating Tenn. Code Ann. §§ 39-2-606 (aggravated sexual battery) and 39-2-607 (sexual battery).[2] Subsequently, Appellee Dr. George Nerren ("Nerren"), the

---

[1]The Board charged Enochs with the following five specific offenses:

      1. On Friday, September 4, 1987 and again on Tuesday, September 8, 1987, Mr. Enochs deliberately rubbed his arm against the breast of [Student 1], a 14-year old student at Dyersburg Middle School;

      2. During the Fall of 1986, on at least one occasion and perhaps more, Mr. Enochs touched, caressed, or rubbed [Student 2], then a sixth grade student at Dyersburg Middle School on the breast;

      3. During the 1985-86 school year, Mr. Enochs repeatedly embarrassed [Student 3], then a sixth grade student at Dyersburg Middle School, by touching her back with his body, bumping his body into her and brushing across her breast with his elbow and forearm;

      4. During September of 1987, on more than one occasion, Mr. Enochs improperly patted, touched, and rubbed [Student 4], a sixth grade Dyersburg Middle School student, on the buttocks and the chest;

      5. During September of 1987, on several occasions, Mr. Enochs embarrassed [Student 5], and [Student 6], both students at Dyersburg Middle School, by improperly touching them or standing unnecessarily and suggestively close to them.

[2]Both statutes have since been repealed.

new superintendent succeeding Roby, informed Enochs that the charges against him had been amended to include an additional charge: "conduct unbecoming to a member of the teaching profession because of his conviction of a felony involving moral turpitude on or about May 17, 1988 in the Dyer County Circuit Court." Enochs requested a pre-termination hearing. Nerren was the only witness to testify at the hearing. Nerren read into evidence Enochs' convictions by the Dyer County Circuit Court. Enochs apparently neither testified on his behalf nor offered any evidence at the hearing. At the conclusion of the hearing, the Board voted unanimously to dismiss Enochs, adopting the following resolution:

> BE IT RESOLVED, that after a hearing conducted before the Board of Education sitting in special session on August 29, 1988, Timothy Enochs was shown to be guilty of conduct unbecoming to a member of the teaching profession because of his conviction of a felony involving moral turpitude, to wit sexual battery against female students in his charge, it is the determination of this Board that Mr. Enochs should be and is hereby dismissed as a teacher in the Dyersburg City School System.

Enochs then filed a complaint in chancery court seeking review of his dismissal as set forth in Tenn. Code Ann. § 49-5-513.

Enochs also appealed his criminal conviction, which was affirmed by the Court of Criminal Appeals. The Tennessee Supreme Court granted permission to appeal and, in 1991, reversed and remanded for a new trial. See *State v. Enochs*, 823 S.W.2d 539 (Tenn. 1991). Enochs has never been retried on any of the charges for which he was convicted.

In 1994, after resolution of the appeal of his criminal conviction, Enochs' lawsuit for review of his dismissal was tried in chancery court. During the trial, the chancery court allowed the Board to present evidence not presented at the pre-termination hearing. The new evidence supported the five charges originally brought against Enochs. The chancery court issued a memorandum opinion in which it reviewed the testimony and assessed the credibility of the witnesses. The court noted that several former students testified regarding incidents of improper touching. It observed that Enochs testified but presented "no evidence . . . regarding the allegations made by his former students." The chancery court found that "ample evidence existed for the Board to terminate Enochs' employment" and dismissed Enochs' complaint. From this dismissal Enochs now appeals.

On appeal, Enochs contends that the trial court violated the Teacher Tenure Act, Tenn. Code Ann. §§ 49-5-501 *et seq.*, by considering evidence against him on charges not heard by the Board at his pre-termination hearing. Because this issue is a question of law, our review is *de novo* upon

2

the record with no presumption of correctness. Tenn. R. App. P. 13(d); *Marriott Employees' Fed. Credit Union v. Harris*, 897 S.W.2d 723, 727 (Tenn. App. 1994).

The applicable standard for the chancery court in a hearing to review a school board's dismissal of a teacher is set forth in Tenn. Code Ann. § 49-5-513(g). In 1988, when Enochs filed his complaint, the statute provided: "The hearing shall be de novo and may be on deposition and interrogatories, or on oral testimony." Tenn. Code Ann. § 49-5-513(g) (1990). The parties do not dispute that the standard for the hearing is the statute in effect in 1988.[3] Therefore, the hearing in the chancery court in this case was to be *de novo*.[4]

Both parties agree that under the *de novo* standard the trial court was allowed to hear evidence not presented at the pre-termination hearing. However, Enochs maintains that the only charge considered by the Board at the hearing was the charge that he was convicted of crimes involving moral turpitude. He notes that the resolution dismissing him refers only to that charge. Enochs contends that the trial court's *de novo* review should have been limited to the single charge actually considered by the Board at the hearing, the charge of a criminal conviction. He argues that it was error for the court to consider evidence regarding the five charges of improper touching of students.

The parameters of a *de novo* hearing in chancery court of a teacher dismissed under the Teacher Tenure Act are thoroughly discussed in *Cooper v. Williamson County Board of Education*, 746 S.W.2d 176 (Tenn. 1987). In *Cooper*, the Court examined the difference between the common

---

[3] Currently, the statute provides:

> The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at such hearing. Additional evidence or testimony shall not be admitted except as to establish arbitrary or capricious action or violation of statutory or constitutional rights by the board.

Tenn. Code Ann. § 49-5-513(g) (1996).

[4]*De novo* review in the chancery court under Tenn. Code Ann. § 49-5-513(g) differs from the *de novo* review this Court applies under Tenn. R. App. P. 13(d). *Cooper v. Williamson County Bd. of Educ.*, 746 SW.2d 176, 179 n.3 (Tenn. 1987). The chancery court does not attach any presumption of correctness to a school board's findings of fact, nor is it confined to deciding whether the evidence preponderates in favor of the school board's determination. *Cooper*, 746 S.W.2d at 181-82. In appellate review, the trial court's findings of fact are accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Williams v. Pittard*, 604 S.W.2d 845, 846 (Tenn. 1980); *see Cooper*, 746 SW.2d at 182 n.6. In addition, appellate review is limited to the facts established in the trial court and included in the record. Tenn. R. App. P. 13(c).

3

law writ of certiorari and the statutory writ of certiorari. The Court noted that review under the common law writ of certiorari is generally limited to determining "whether the administrative body acted within its jurisdiction, or acted arbitrarily, capriciously, or illegally." *Id.* at 179. The common law writ does not involve redetermining the facts found by the administrative body. *Id.* The statutory writ of certiorari, on the other hand, involves some type of trial *de novo*. The extent of the review depends on the language and context of the statute, the type of administrative body, the decision, and the procedure involved. *Id.* The Court concluded that Tenn. Code Ann. § 49-5-513(g) is a form of the statutory writ of certiorari, with a *de novo* review. *Id.*

The Court noted that Tenn. Code Ann. § 49-5-513(g) does not limit the trial court to a review of the record of the school board's hearing but instead provides for a *de novo* hearing which can be based on depositions, interrogatories, or oral testimony. *Cooper*, 746 S.W.2d at 181. The Court then stated:

> We think that a hearing *de novo* requires the Chancellor to redetermine both the facts and the law from all the evidence before the court. While not fully analogous, this type of review is more akin to an appeal from General Sessions Court . . . than to the review of the findings of a trial court in a nonjury case by an appellate court under Rule 13, T.R.A.P. Under Rule 13, T.R.A.P., an appellate court does
>
>> "not *try* a case *de novo* as does a Circuit Judge on an appeal from the General Sessions Court. In a *de novo trial* the Circuit Judge does not review the action of the General Sessions Judge and is not concerned with what took place in the General Sessions Court nor the propriety of the lower Court's action; and no presumption of correctness attaches to the General Sessions judgment. The matter is *tried* as if no other trial had occurred."

*Id.* (quoting *Hohenberg Bros. v. Missouri Pac. R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. App. 1979). The Court noted that, under the Teacher Tenure Act, the trial court may, but is not required to, consider a record of the proceedings in the school board hearing as part of the evidence on appeal. *Id.* The Court stated that "review under T.C.A. [§] 49-5-513 manifestly requires the Chancellor to reconsider and redetermine all issues of fact as well as law as if no such determination had been previously made." *Id.* The Court concluded that, "[u]nder this statute, the Chancellor completely substitutes his judgment for that of the school board." *Id.* at 182. Therefore, under *Cooper*, it was not error for the court to hear evidence at trial that was not heard at Enochs' hearing before the Board.

Enochs, however, argues that in reality there was only one charge before the Board --the charge that he had been convicted of a crime involving moral turpitude, a conviction that was later

4

reversed. He maintains that this was the only charge on which evidence was heard, and the only charge upon which his dismissal was based. Enochs contends it was error to hear evidence on charges on which he, in effect, never had a pre-termination hearing.

However, the record is clear that all six of the charges were before the Board at the pre-termination hearing. While evidence was only heard on the sixth charge, there was no indication that the other charges had been dismissed. Indeed, the Amended Charges and Notice of Dismissal explicitly states:

> I, Dr. George N. Nerren, . . . hereby amend the charges previously preferred by my predecessor . . . against Timothy Enochs . . . to include the following *additional* charge and recommend that a hearing be held on said charge *at the same time the hearing is held on the previous charges*, and, if *any* of the charges, as amended, proved to be true, that Timothy Enochs be dismissed from his position as a tenured teacher in the Dyersburg City School System. (Emphasis added.)

Both the criminal conviction and the other five charges were based on improper sexual contact with several female students in his charge. The trial court refused to allow testimony regarding Enochs' alleged improper touching of other students not mentioned in the original five charges. Enochs had notice of all six charges and had the opportunity to present evidence regarding them. In the hearing before the Board as well as the hearing in chancery court, Enochs failed to present any exculpatory evidence regarding any of the charges. The trial court acted properly in allowing evidence about all six charges in the *de novo* hearing.

Enochs argues that allowing evidence relevant to the original five charges is a violation of his due process rights. However, he clearly had notice of all of the charges against him and had the opportunity to present evidence in his favor on any or all of them. *See Phillips v. State Bd. of Regents*, 863 S.W.2d 45 (Tenn. 1993). Enochs suffered no deprivation of his due process rights.

Enochs argues further that, under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985), he was entitled to and did not receive an explanation of the Board's evidence against him. However, the record demonstrates that the original charges against him were specific, naming the students involved and his alleged improper conduct in relation to each. *Loudermill* does not require a full evidentiary hearing before an administrative body takes adverse action against an employee. *Id.* at 545, 105 S. Ct. at 1495.

5

The decision of the trial court is affirmed.  Costs are assessed against Appellant, for which execution may issue if necessary.


_____
_____HOLLY KIRBY LILLARD, J.


**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**


_____
**ALAN E. HIGHERS, J.**