**Randy COX, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE,
Respondent–Appellant.**

**No. 22056.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., for appellant.

John D. Harding, Limbaugh, Russell, Payne & Howard, Cape Girardeau, for respondent.

PREWITT, Presiding Judge.

Petitioner's driving privileges were revoked and he sought trial de novo in the circuit court. Judgment was entered in Petitioner's favor, ordering Respondent to reinstate Petitioner's operating privileges.[1]

The initial question presented here is whether certain documents offered by Respondent should have been admitted. Petitioner objected that they were hearsay. The trial court sustained the objection and excluded the records. Respondent claims error in excluding them. Petitioner now contends that they contained double hearsay. These records include similar records of those which were in question in *Misuraca v. Director of Revenue*, 896 S.W.2d 719 (Mo.App. 1995). There, an exhibit contained among its documents a breathalyzer printout, the alcohol-influence report, and the police report of the arresting officer. The Court there determined that these were records of the Department of Revenue and, although processed in the City of Hazelwood, the custodian of records at the Department of Revenue was a proper person to establish the foundation for admission of the documents. The Court held it was error to exclude them, reversed the trial court's judgment and remanded for a new trial. We believe that *Misuraca* is applicable here and calls for a similar result.

*Wellner v. Director of Revenue*, 949 S.W.2d 683 (Mo.App.1997), principally relied on by Petitioner, does not change our views. There, one officer prepared a report based on "field" notes of another officer. This, of course, would be "double hearsay," but that is not the situation before us. The records in question were improperly excluded and should have been admitted and considered by the trial court.[2]

The judgment is reversed and the cause remanded for a new trial.

CROW and PARRISH, JJ., concur.

---

1. The parties are referred to as they were in the trial court.

2. The result here makes it unnecessary to consider Respondent's second point complaining of the assessment of costs against it. On this issue, see *Clevenger v. Director of Revenue*, 861 S.W.2d 193, 194 (Mo.App.1993).