IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE


## PERRY H. YOUNG  v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 98 C 0354      Samuel H. Payne, Judge**

-------------------

**No. E1999-1968-COA-R3-CV - Decided June 21, 2000**

-------------------

In February 1998, plaintiff-appellant, *pro se,* filed a suit in Hamilton County Circuit Court against the State of Tennessee averring that the four complaints that he filed in 1996 in Hamilton County Chancery Court pertaining to his sentencing in his criminal cases and the revocation of his parole were unlawfully dismissed in 1996 by the Chancellor for lack of subject matter jurisdiction. He appeals from the circuit court's order granting the state's motion to dismiss on the grounds of lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief could be granted. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

GODDARD, P. J., delivered the opinion of the court, in which FRANKS and SUSANO, JJ., joined.

Appellant is pro se

Meredith Devault, Assistant Attorney General, Nashville for the appellee

**OPINION**

The plaintiff-appellant, Perry H. Young, who is incarcerated, is acting *pro se.*  On February 10, 1998, he filed a suit in Hamilton County Circuit Court against the State of Tennessee averring that he filed three complaints against Hamilton County and one complaint against Hamilton County and the Public Defenders Office in the Hamilton County Chancery Court between April 1, 1996, and June 3, 1996,[1] and that the Chancery Court entered orders dismissing all four cases on June 14, 1996

-------------------

[1]The cases were as follows.

*Perry H. Young v. Hamilton County and Public Defenders Office*, Hamilton County Chancery Court Docket No. 96-0279, wherein Young claimed that he was detained without proper cause.

*Perry H. Young v. Hamilton County*, Hamilton County Chancery Court Docket No. 96-0350 and 96-0387, wherein Young claimed that if an attorney had been present at his criminal trial, he

and September 18, 1996. Mr. Young claims that the orders dismissing the Chancery Court cases were invalid and false. He claims that he never saw the order entered on September 18, 1996.[2] He avers that the Chancellor's failure to grant a hearing on his complaints dealing with his conviction as a habitual offender, the charge of felonious operation of motor vehicle, and his numerous motions, *inter alia*, to "interchange" the judge and to transfer the cases to circuit court, violated the Hamilton County Chancery Court's Local Rules of Practice, the law, and Mr. Young's constitutional rights. Mr. Young seeks damages from the dismissal of his complaints filed in the Hamilton County Chancery Court and the "complaint being submitted."

On April 3, 1998, the State filed a motion to dismiss, along with a brief in support of the motion to dismiss, based upon, *inter alia*, the court's lack of subject matter jurisdiction, insufficiency of service of process, failure to state a claim upon which relief could be granted, the State could not be sued under 42 U.S.C. § 1983 for money damages and that the statute of limitations barred the claim.

Mr. Young filed a motion for summary judgment on February 8, 1999, and a brief in support of his motion for summary judgment on February 11, 1999.

---

would not have been convicted as a habitual offender and would not have been incarcerated without proper cause.

*Perry H. Young v. Hamilton County*, Hamilton County Chancery Court Docket No. 96-0459, wherein Young claimed that a prior conviction, for which Young had already served his time, was added without proper procedures being followed. This placed Young in double jeopardy and hindered his early release from prison.

All four cases were consolidated at trial level. Mr. Young filed for a writ of mandamus in those cases seeking an order dismissing all motions filed by the defendant concerning the jurisdiction of the court. The defendant sought dismissal of the actions based upon T. C. A. § 16-10-102, which confers exclusive and original subject matter jurisdiction of all crimes and misdemeanors, including any sentencing or factors used in the enhancement of a sentence, to the Circuit Court.

[2]The order reads:

It appearing to the court that on June 14, 1996, the Court entered an Order dismissing the Complaints filed in these consolidated cases because the Court lacked jurisdiction to hear the matters complained of by the Plaintiff, and it further appearing that the Plaintiff continues to file pleadings in these matters without regard to the Court's determination that it lacks jurisdiction over the Plaintiff's claims, it is

ORDERED that the Motions filed by Plaintiff are denied and these cases shall be closed.

It is further ORDERED that the Clerk and Master shall accept no more pleadings in these consolidated cases from the Plaintiff unless the Plaintiff first pays the court costs incurred to date which are taxed against the Plaintiff.

## I. ACTIONS OF THE TRIAL COURT

At trial level the plaintiff-appellant filed, and attempted to file, numerous fallacious documents. A number of these were stricken by the court for appellant's failure to comply with Local Rule 11.03.

On July 30, 1999, the trial court granted the State's motion to dismiss on the grounds that the court lacked subject matter jurisdiction, service of process was insufficient, and the complaint failed to state a claim upon which relief could be granted.

Mr. Young timely filed a notice of appeal on August 24, 1999. He filed a pauper's oath which was signed by the trial court judge on August 25, 1999.

Subsequent to the notice of appeal being filed, Mr. Young filed numerous documents at the trial court level concerning the designation of the record, statement of the evidence, and the issues on appeal. Many of the documents were duplicative. Even after remand to the trial court in accordance with Rule 24(e) of the Tennessee Rules of Appellate Procedure, this Court has been inundated with numerous spurious motions concerning the state of the record on appeal.

## II. ISSUES

We restate the issues raised by Mr. Young to be whether the trial court correctly failed to grant his motion for summary judgment, his motion for default judgment, his motion for a subpoena for his attendance for a hearing on his default judgment motion, and dismissed his complaint?

## III. LAW AND DISCUSSION

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. Tennessee Rules of Appellate Procedure, Rule 13(d); Campbell v. Florida Steel Corp., 919 S.W.2d 26 (Tenn. 1996). Where, as in this case, there is no conflict in the evidence or the inference to be drawn therefrom as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying the trial court's conclusions of law. Enochs v. Nerren, 949 S.W.2d 686 (Tenn. Ct. App. 1996).

At the outset, we wish to affirm as this Court stated in Irvin v. City of Clarksville, 767 S.W.2d 649, 651-652 (Tenn. Ct. App. 1988), "conducting litigation involving a *pro se* litigant can be difficult and challenging. On one hand, a trial judge must accommodate the *pro se* litigant's legal naivete, and, on the other hand, he must not allow the *pro se* litigant an unfair advantage because the litigant represents himself."

*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Gray v. Stillman White Co., 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Oko v. Rogers, 125 Ill. App. 3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

Parties who choose to represent themselves are entitled to fair and equal treatment. Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983). However, they are not excused from complying with applicable substantive and procedural law, Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); Wolfel v. United States, 711 F.2d 66, 67 (6th Cir. 1983), and they must follow the same procedural and substantive law as the represented party. *See, e.g.*, Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss. 1987); Heinsch v. Lot 27, 399 N.W.2d 107, 109 (Minn. Ct. App. 1987).

Irvin v. City of Clarksville, at 652. *See also,* Paehler v. Union Planters Nat. Bank, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997); Edmundson v. Pratt, 945 S.W.2d 754, 755, (Tenn. Ct. App. 1996); Kaylor v. Bradley, 912 S.W.2d 728, 735 (Tenn. Ct. App. 1995).

Accordingly, the United States Court of Appeals for the District of Columbia has held:

"At least where a litigant is seeking a monetary award, we do not believe *pro se* status necessarily justifies special consideration ... While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo assistance."
Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D. C. Cir. 1983).

*Pro se* litigants are entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06 afford any other litigant. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

Irvin v. City of Clarksville, 767 S.W.2d 649, 651-652 (Tenn. Ct. App. 1988).

Mr. Young in his naivete of the law - both substantive and procedural - declares that the trial judge erred in failing to grant his motion for summary judgment which attacked the motion to dismiss filed by the defendant. He further claims that the defendant's failing to respond to his motion for summary judgment entitles him to a default judgment. We find no merit in either his logic or his argument.

The defendant's Motion to Dismiss was filed pursuant to Tennessee R. Civ. P. § 12.02. In pertinent part, the rule reads:

-4-

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that **the following defenses may** at the option of the pleader **be made by motion** in writing: (1) **lack of jurisdiction over the subject matter**, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) **insufficiency of service of process**, (6) **failure to state a claim upon which relief can be granted**, (7) failure to join an indispensable party, and (8) specific negative averments made pursuant to Rule 9.01. . . .

Furthermore, as this court stated in Kaylor v. Bradley, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995):

> The sole purpose of a Tenn. R. Civ. P. 12.02(6) motion is to test the sufficiency of the complaint. Cook v. Spinnaker's of Rivergate, Inc., 878 S.W.2d 934, 938 (Tenn. 1994); Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). . . .
> Reviewing courts must always look to the substance of the challenged complaint rather than its form. Usrey v. Lewis, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977). Thus, when the adequacy of a complaint is tested by a Tenn. R. Civ. P. 12.02(6) motion, we must review the complaint's allegations liberally in favor of the plaintiff, taking all factual allegations therein as true. Cook v. Spinnaker's of Rivergate, Inc., 878 S.W.2d at 938; Lewis v. Allen, 698 S.W.2d 58, 59 (Tenn. 1985).

In dealing with the motion to dismiss, Mr. Young filed a motion for summary judgment, rather than a pleading entitled response to motion to dismiss. The trial court correctly looked to the substance of the pleading rather than to just the title. Because the defendant had filed a motion to dismiss, there was no need for the defendant to file an answer to the complaint itself until after the motion to dismiss had been ruled upon. The court was not compelled to enter the default judgment submitted by Mr. Young. Even though Mr. Young is an incarcerated *pro se* appellant, he cannot be permitted to shift the burden of litigating his case to the courts. *See generally*, Irvin v. City of Clarksville, 767 S.W.2d 649, *supra.*

Furthermore, Mr. Young claims that the trial court erred in not granting his "notice for a subpoena" in order that he could come to court to present his motion for default judgment. We disagree with Mr. Young.

While a prisoner has a constitutional right to institute and prosecute a civil action seeking vindication of a legal right, he only possesses a qualified and restricted right. Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975). In Whisnant, the Supreme Court quoted with approval the following language from Tabor v. Hardwick, 224 F.2d 526, 529 (5th Cir. 1955):

"(W)e think that the principle of the cases (relating to restraint of personal liberty) should not be extended to give them an absolute and unrestricted right to file any

civil action they might desire.  Otherwise,  penitentiary wardens and the courts might be swamped with an endless number of unnecessary and even spurious lawsuits filed by inmates in remote jurisdictions in the hope of obtaining leave to appear at the hearing of any such case, with the consequent disruption of prison routine and concomitant hazard of escape from custody.  As a matter of necessity, however regrettable the rule may be, it is well settled that, 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" [Citations in original omitted.]

Whisnant v. Byrd, 525 S.W.2d  at 153.

The Whisnant court went on to quote with approval the following language from Seybold v. Milwaukee County Sheriff, 276 F. Supp. 484, 488 (E. D. Wis. 1967):

"Regardless of the merit of the causes of action stated in their complaints, it must be remembered that the prisoner-plaintiffs have, by their own acts resulting in conviction, placed themselves in a position such that effective prosecution by themselves is not possible without interference by the court with their detention, and it is our opinion that absent unusual circumstances that interference is not warranted.  In other words,  their unavailability for hearings and trial is due to their convictions, and although the court believes that they should not therefore lose their rights of action by operation of a statute of limitations, we know of no authority compelling us under ordinary circumstances to deliver them from their self-caused restrictions and proceed with their cases as through they could appear at will."

Whisnant v. Byrd, 525 S.W.2d  at 154.

There were  no unusual circumstances present here requiring the presence of Mr. Young at any hearing on his default motion.  The trial judge appropriately ruled upon the pleadings before it in dismissing the case and correctly  refrained from  issuing an order for the appearance of  Mr. Young in court.

And last, but not least, we proceed to the merits of whether the trial court properly granted the motion to dismiss.  Without specifically addressing all of the issues raised in the motion to dismiss, we will address the underlying issue.  Was there a claim presented in his complaint upon which relief could be granted?  Our unqualified conclusion is "no", there is none.

Any grievance that the Mr. Young  had concerning the dismissal of the four cases filed in 1996 in the Hamilton County Chancery Court must be redressed by  a timely appeal to this Court.  This he did not do.

T.C.A. § 16-4-108 provides as follows:

(a) (1)  The jurisdiction of the court of appeals is appellate only, and extends to all civil cases except workers' compensation cases and appeals pursuant to § 37-10-304(g).

(2) All cases within the jurisdiction thus conferred on the court of appeals shall, for purposes of review, be taken directly to the court of appeals in the division within which the case arose, the eastern division to include Hamilton County and the western division to include Shelby County. As to all other cases, the exclusive right of removal and review is in the supreme court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct.

(b)  The court of appeals also has appellate jurisdiction over civil or criminal contempt arising out of a civil matter.

T. C. A. § 16-4-115 provides that "The procedure on appeal in the court of appeals shall be governed by the Tennessee Rules of Appellate Procedure."

The Tennessee Rules of Appellate Procedure, Rule 3, provides:  "In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."  Tennessee Rules of Appellate Procedure, Rule 4(a), provides:  "In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from: . . ."

That rule is mandatory and jurisdictional in civil cases.  Thandiwe v. Traughber, 909 S. W. 2d 802 (Tenn. Ct. App. 1994); Bishop v. Tennessee Dept. of Correction, 896 S. W. 2d 557 (Tenn. Ct. App. 1994).  Mr. Young did not appeal his 1996 cases.  That was his only avenue for any redress.  While this court has jurisdiction concerning his current appeal, we have none concerning his 1996 cases; neither did the Hamilton County circuit court have subject matter jurisdiction.  The prior dismissal by the chancery court of the 1996 cases was fully, finally and irrevocably set in stone by Mr. Young's failure to appeal that decision.  There has to be an eventual end to litigation.  In closing, we quote with approval the following from Moulton v. Ford Motor Co., 533 S. W. 2d 295, 296 (Tenn. 1976):

The words of Justice Caruthers in Warwick v. Underwood, 40 Tenn. 238, decided over a century ago, have continuing relevance:

". . . It is not material on this point whether the finding of the jury was right or not in the former suit.  That cannot be questioned any more between the same parties or their privies.  Right or wrong the question was finally closed, unless a new trial had been obtained in the same suit.  This rule is not alone for the benefit of the parties litigant, to put an end to strife and contention between them, and produce certainty as to individual rights, but it is also intended to give dignity and respect to judicial proceedings, and relieve society from the expense and annoyance of indeterminable litigation about the same matter. 40 Tenn. at 241."

We affirm the decision of the trial court in dismissing Mr. Young's complaint and remand the case to the trial court for collection of costs below. Costs of appeal are adjudged against Perry H. Young.