STATE of Tennessee, Appellee,

v.

**Tim ENOCHS, Appellant.**

Supreme Court of Tennessee,
at Jackson.

Dec. 9, 1991.

Rehearing Denied Jan. 27, 1992.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, for appellee.

Susan L. Kay, Vanderbilt Legal Clinic, Ass'n of Criminal Defense Lawyers, David L. Raybin, Hollins, Wagster & Yarbrough, Ass'n of Criminal Defense Lawyers, Nashville, for amicus curiae.

Richard B. Fields, Cox & Fields, Jackson, for appellant.

## OPINION

O'BRIEN, Justice.

Thirteen (13) separate indictments were returned against the appellant, Tim Enochs, charging him with 20 counts of aggravated sexual battery and sexual battery, in violation of T.C.A. §§ 39–2–606–607. Two of the indictments were dismissed prior to trial and the appellant was ultimately tried on the remaining eleven. At the close of the State's proof a motion for judgment of acquittal was granted on six (6) of the counts. The remaining indictments containing (eleven) 11 counts were submitted to the jury, which found the appellant guilty of nine (9) counts and not guilty of two (2). Subsequently a motion for judgment of acquittal was heard and granted on three (3) of the charges. The appellant was sentenced to two (2) years in the state penitentiary as a Range I—Standard Offender on each of the six (6) remaining counts, with the sentences to be served concurrently. The trial judge ordered him to serve three (3) months in confinement and to be placed on probation for one (1) year and nine (9) months. The State conceded that three (3) of the remaining indictments should be reversed and remanded for a new trial under the rule stated in *State v. Brown,* 762 S.W.2d 135, 137 (Tenn.1988).

The trial judge filed a memorandum on the Thirteenth Juror Rule, a copy of which is attached as an appendix to this opinion. This memorandum concluded with the comment: "In the event the Supreme Court

determines that the Thirteenth Juror Rule should be reinstated, then the Court in this case would grant a new trial."

Defendant appealed the judgments convicting him of the two remaining counts of sexual battery. The State raised the issue that the trial judge erred by granting the motion for judgment of acquittal on the charge of aggravated sexual battery in Indictment No. 13986J. The Court of Criminal Appeals affirmed the judgments of conviction and set aside the judgment of acquittal, reinstating the verdict.

The defendant also contended that the "Thirteenth Juror Rule" should be reinstated in Tennessee. The Court of Criminal Appeals held that it did not have the authority to reinstate the rule in light of this Court's decision in *State v. Johnson*, 692 S.W.2d 412 (Tenn.1985), in which the Court declined to reinstate the "Thirteenth Juror Rule" in criminal cases which had been abandoned by the Court in *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). *See also State v. Adkins*, 786 S.W.2d 642 (Tenn. 1990).

However, at the suggestion of the Advisory Commission on the Tennessee Rules of Criminal Procedure and upon our reconsideration of this issue, on 25 January 1991, this Court promulgated an amendment to Tenn.R.Crim.P. 33, subsequently approved by resolutions of both houses of the General Assembly, to become effective on 1 July 1991, and applicable to all cases tried on and after that date.[1] The amendment adds paragraph (f) to the rule, which reads as follows:

> **New trial where verdict is against the weight of the evidence.**—The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence. If the trial court grants a new trial because the verdict is contrary to the weight of the evidence, upon request of either party the new trial shall be conducted by a different judge.

As the Advisory Commission comment notes, an order granting a new trial be-

cause the verdict is against the weight of the evidence must be distinguished from an order granting a motion for judgment of acquittal under Tenn.R.Crim.P. 29(c) for insufficiency of evidence to convict. In the latter situation, retrying the defendant would result in double jeopardy, while in the former it would not. *See Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

The due process clause and equal protection application of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sec. 8 of the Tennessee Constitution require that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for the cases in which the new rule constitutes a "clear break" with the past. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). A state's enforcement of its criminal laws must comply with the principles of substantial equality and fair procedure that are embodied in the Fourteenth Amendment. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988).

While we do not deal here with a new rule the Court has certainly reestablished an old precedent. It was well settled in this State for many years, that in all instances where there was a trial by jury, the trial judge was under the burden of acting as the thirteenth juror to either approve or disapprove the verdict of the jury. *See Helton v. State*, 547 S.W.2d 564, 566 (Tenn. 1977). In 1978 this Court ruled that the "Thirteenth Juror Rule" would no longer be followed in criminal cases, either at the trial or the appellate level. *State v. Cabbage, supra.* In 1985 in *State v. Johnson, supra*, 692 S.W.2d 412, the Court took the opportunity to say that the rule would not be reinstated. This decision was affirmed in *State v. Adkins, supra*, in 1990. Thus, the rule had been out of favor for more than a dozen years.

---

**1.** Approved by S.R. No. 15 and. H.R. No. 10.

■ Because this appeal was pending on direct review at the time the 1991 Amendment to Rule 33 became effective we apply the amended rule in this case.

The case must be remanded for a new trial. In view of this, the other issues raised are pretermitted. The judgment of the Court of Criminal Appeals in conflict herewith is reversed. The case is remanded to the trial court. The costs on this appeal are assessed equally between the appellant and the appellee.

DROWOTA, DAUGHTREY and ANDERSON, JJ., and BEN H. CANTRELL, Senior Justice, concur.

ORDER ON PETITION TO REHEAR

PER CURIAM.

The Petition for Rehearing filed on behalf of the State is denied.