STATE of Tennessee, Appellee,

v.

**Emma Jean BILBREY, Appellant.**

Court of Criminal Appeals of Tennessee,
Knoxville.

July 6, 1995.

Permission to Appeal Denied
Dec. 4, 1995.

John E. Appman, Jamestown, for appellant.

Charles W. Burson, Attorney General & Reporter, Nashville, Hunt S. Brown, Assistant Attorney General, Nashville, William E. Gibson, District Attorney General, Cookeville, David A. Patterson, Assistant District Attorney General, Crossville, Benjamin W. Fann, Assistant District Attorney General, Cookeville, for appellee.

**OPINION**

JONES, Judge.

The appellant, Emma Jean Bilbrey, was convicted of murder in the first degree and theft under $500 by a jury of her peers. She was sentenced to confinement for life in the Department of Correction for the offense of murder first degree and confinement in the Cumberland County Jail for eleven months and twenty-nine days for the offense of theft under $500. The sentences are to be served concurrently.

The appellant was previously tried and convicted of murder in the first degree and aggravated robbery. David A. Harvey, a codefendant, testified as a state witness. This Court reversed the appellant's convictions and remanded for a new trial. *State v. Bilbrey*, 858 S.W.2d 911 (Tenn.Crim.App.), *per. app. denied* (Tenn.1993). When this case went to trial following remand, Harvey invoked his privilege against self-incrimination and refused to testify. The trial court permitted the state to read the testimony Harvey gave at the initial trial as part of its case in chief. In this Court, the appellant contends:

[W]hether the Court erred in granting the State's motion to read [the] prior testimony of David A. Harvey ... under the circumstances of this case?

Was Art. I, § 9 of the Constitution of Tennessee violated?

An assistant district attorney general, a T.B.I. agent, and a sheriff's investigator visited Harvey in the penitentiary on December 15, 1993. The purpose of the visit was to advise Harvey the case would be retried and, no doubt, discuss the testimony that he would give at the ensuing trial. Harvey informed those present that "he was not going to testify for us or anybody else ... and nobody could make him testify and he was never coming back to Crossville [the situs of the trial]." His refusal to testify was apparently due to his unhappiness with "the deal that he got" in exchange for his testimony at the first trial.

The state subsequently moved the trial court for the entry of an order permitting Harvey's testimony at the first trial to be

read to the jury as part of its case in chief at the second trial. An evidentiary hearing was held on the motion prior to the trial on the merits. The sheriff's investigator and the T.B.I. agent established what Harvey stated when they visited him on December 15th. Harvey appeared at the hearing with appointed counsel. Harvey acknowledged that he had conferred with counsel; and counsel had advised him of his rights. He acknowledged that he understood his rights. When a question was propounded to him by defense counsel regarding the December 15th meeting, he stated: "I'll answer no questions." The trial court instructed Harvey to answer the questions propounded by defense counsel as the scope of the inquiry was limited to the December 15th meeting. Harvey then stated that he was invoking his privilege against self-incrimination. The trial court advised Harvey that he would be held in contempt if his invocation of the privilege was not justified. Subsequently, counsel agreed that Harvey could properly invoke the privilege if his testimony at the first trial was untruthful.

When the trial commenced, Harvey was called as a witness by the state. He invoked the privilege against self-incrimination and refused to testify. The trial court instructed the jury on the meaning of the privilege and explained why Harvey would not be a witness during the trial. The state was then permitted to introduce Harvey's previous testimony as part of its case in chief.

When a witness is "unavailable," a party is permitted to introduce the prior recorded testimony of the witness if certain prerequisites are met. Tenn.R.Evid. 804(b)(1). In this jurisdiction, the party seeking to introduce the testimony of the "unavailable" witness must establish that (a) the witness is "unavailable," (b) the testimony sought to be introduced was given at "another hearing of the same or a different proceeding," and (c) the party-opponent "had both an opportunity and a similar motive to develop the testimony by direct, cross, or redirect examination." Tenn.R.Evid. 804(b)(1). A witness is "unavailable" within the meaning of this rule if (a) the witness is "exempted by ruling of the [trial] court on the grounds of privilege from testifying concerning the subject matter of the declarant's statement" or the witness "persists in refusing to testify concerning the subject matter of the declarant's statements despite an order of the court to do so." Tenn.R.Evid. 804(a)(1) and (a)(2).

In this case, the state established all of the prerequisites for the admission of Harvey's prior recorded testimony. The parties agreed that if Harvey had perjured himself during the first trial, he could properly invoke the privilege against self-incrimination. Moreover, the state established Harvey stated at the December 15, 1993 meeting that he did not intend to testify for either party; and no one could make him testify at the ensuing trial. He also stated that he did not intend to return to Cumberland County for this purpose. When called as a witness by the state, Harvey invoked the privilege against self-incrimination. In summary, Harvey was "unavailable" within the meaning of Tenn. R.Evid. 804(a)(1).

The state also established the remaining prerequisites. First, the testimony admitted at the trial was given by Harvey at the first trial when the appellant was tried for the same identical offenses. Second, defense counsel had ample opportunity to cross-examine Harvey at the first trial. Third, the motive of defense counsel to impeach Harvey was the same at the prior trial as it would have been if Harvey had opted to testify at the second trial. Tenn.R.Evid. 804(b)(1).

The appellant admits in her brief that the state established all of the prerequisites to the admission of Harvey's prior recorded testimony. The brief states: "In the present case the reading of the testimony of David A. Harvey would be in compliance with the exceptions to the hearsay rule." However, she argues that "the credibility of Mr. Harvey was essential and could not be determined from the reading of the testimony." While this Court understands and appreciates the desirability of having a witness appear and testify during the course of a trial, Harvey's refusal to testify and his invocation of the privilege against self-incrimination made it impossible for Harvey to be present.

WELLES and BARKER, JJ., concur.