IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1994 SESSION



FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9406-CR-00197 |
| | ) | |
| | ) | Rhea County |
| | ) | |
| v. | ) | Honorable Paul A. Swafford, Judge |
| | ) | Honorable Thomas W. Graham, Judge |
| | ) | |
| | ) | (Driving while under the influence of |
| RONNIE W. NAIL, | ) | an intoxicant and leaving the scene |
| | ) | of an accident) |
| Appellant. | ) | |


For the Appellant:

Howard L. Upchurch
P.O. Box 381
Pikeville, TN 37367

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
         and
Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

James Michael Taylor
District Attorney General
         and
Will Dunn
Assistant District Attorney General
265 3rd Avenue, Suite 300
Dayton, TN 37321

OPINION FILED: _____

JUDGMENTS VACATED AND CASE REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Ronnie W. Nail, was convicted in a jury trial in the Circuit Court for Rhea County of driving while under the influence of an intoxicant (DUI) and leaving the scene of an accident, both offenses being misdemeanors. He was sentenced to the minimum sentence available for a first offense DUI and fined two dollars for leaving the scene. He appeals as of right and claims that he was entitled to a new trial because an adequate record of the trial proceedings could not be prepared so as to allow the successor judge to rule on his motion for new trial. This case has traveled a tortuous route since the defendant's arrest in 1985 -- a route that we need not fully recount here. Unfortunately, the journey does not end here, because we must vacate the judgments of conviction and remand the case for further proceedings.

The defendant was convicted in March 1989 in a jury trial over which Judge Paul A. Swafford presided. On October 19, 1989, Judge Swafford sentenced the defendant and on November 20, 1989, the defendant filed his motion for new trial. The motion remained pending when Judge Swafford was defeated in his reelection effort and Judge Thomas W. Graham was elected to replace him beginning September 1, 1990. The motion was heard in July 1992 and the order denying it was entered in June 1993.

The issue raised by the defendant stems from his claim that no record of the trial exists. From this he asserts that it was impossible for the successor judge to rule upon the motion for new trial and, therefore, that a new trial was required. He relies upon Rule 25(b), Tenn. R. Crim. P., which provides as follows:

> After Verdict of Guilt. If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict of guilt, any other judge regularly sitting in or who may be assigned to the court may perform those duties. If the successor judge is satisfied that he cannot perform those duties because he or she did not preside at the trial or for any other reason, the successor judge may exercise the discretion to grant a new trial.

In response, the state notes that the rule gives discretion to the judge and asserts that no abuse of discretion has occurred because the lack of an adequate record for the successor judge to review is attributable to the defendant. Although the defendant's failure to present an adequate record of the case for appellate review would be fatal, we believe that the state misapprehends the obligation relative to entry of a valid judgment, one for which the trial court must approve the verdict.

At the new trial motion hearing, the defendant's trial attorney, who no longer represented the defendant, testified that he did not hire a court reporter to preserve the proceedings at trial because he thought that the state was to provide one for the defendant's misdemeanor trial. He said that when he learned in court that a reporter was not present, he asked the circuit court clerk, John E. Fine, to record the proceedings and that Mr. Fine did so. He stated that the trial lasted all day and that four or five tapes were used. He said that Mr. Fine provided the tapes and operated the recorder. He testified that after the trial, Mr. Fine retained the tapes. He explained that he did not need possession of the tapes until the decision to appeal was made and he indicated that he thought that the tapes would be made part of the record or court file.

The defendant testified that Mr. Fine made the tapes during the trial and stopped both sides in order to change the tapes. He stated that at the end of the trial, Mr. Fine took the tapes and the recorder out of the courtroom. The defendant said that about a month after he was sentenced, he went to see Mr. Fine at his trial attorney's request in order to obtain a copy of the tapes and that Mr. Fine told him that a copy would be furnished if his attorney made a written request.

Mr. Fine testified that he handles many recording tapes for preliminary hearings, but not for trials. He recalled the trial attorney asking about tape recording the proceedings and stated that he directed the court officer to get the recorder and set it upon the bench. He said that the officer took the recorder out of the courtroom after the trial. He stated that he did not ever remember taking possession of the tapes and

3

that he searched diligently for them, but to no avail. He also stated that there was no notation in the rule docket book of there being tapes, something he normally would note.

In sum, the tape recordings, if any, of the trial were not to be found. The trial attorney testified that although he remembered a lot of the testimony, it was not "with such particularity that would be accurate." The defendant was not asked about his recollection. However, the prosecuting attorney stated that he could prepare an accurate statement of the evidence for the court to review, although he acknowledged that he could not specifically remember every question. In any event, apparently no statement of the evidence or other detailed account of the trial proceedings was ever produced and the motion for new trial was denied.

As for the cause of the lack of a trial record, the defendant asserts that the judicial system is required to provide a court reporter for every stage of a criminal case and that it was not his duty either to preserve the tapes or otherwise to insure the proper recording of the trial. He relies upon T.C.A. § 40-14-307(a) (1990) which, in pertinent part, then stated:

> A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the executive secretary [now administrative director], all proceedings had in open court and such other proceedings as the judge may direct.

However, as the state has noted, the "criminal case" to which the statute refers is narrowly, but specifically, defined in T.C.A. § 40-14-301(2) as "the trial of any criminal offense which is punishable by confinement in the state penitentiary and any proceeding for the writ of habeas corpus wherein the unlawful confinement is alleged to be in a state, county or municipal institution . . . ." In this respect, at the times relevant to this case, penitentiary confinement as punishment was the defining feature of a felony and distinguished it from a misdemeanor. See T.C.A. § 39-1-103 (repealed

4

1989).[1] In other words, a court reporter was not provided at state expense for a misdemeanor unless a defendant was unable to afford one based upon indigency, a status not asserted by the defendant. Thus, the obligation to provide the defendant a means to have a verbatim record of the defendant's trial proceedings did not fall upon the state.

The defendant also asserts that even if he had the responsibility to provide an adequate record, we should excuse his failure to do so. He claims that his counsel sought to have a recording of the trial, "had every right to assume" that the tapes would be preserved, and could not be faulted for not anticipating that Judge Swafford would become "unavailable" without hearing and ruling upon his motion. However, the successor judge saw no legal obligation cast upon the court clerk to take and keep possession of any tapes and concluded that any failure to preserve or make an appropriate record was the "fault" of the defendant's trial attorney. We believe that, for appellate purposes, these conclusions are correct under the record before us.

At this point, we note that the defendant combined his motion for new trial with one for a judgment of acquittal with the joint pleading purporting to raise seven grounds. However, the last three deal with the central complaint that he was illegally arrested and that the charges and the evidence used against him flowed from that illegal arrest. The record establishes that on behalf of the defendant, a court reporter did make a verbatim record of the suppression hearing dealing with the issue of the arrest's legality, but a transcript of it was not submitted to the successor judge for review nor is it part of the record on appeal.

---

[1] The same distinction presently exists in that only a felony offense can result in a penitentiary sentence. See T.C.A. § 40-35-104(c)(8) (Supp. 1996).

5

The remaining four grounds in the defendant's motion assail the sufficiency of the evidence.[2]  However, the record does not indicate any attempt by the defendant to prepare a statement of the evidence that could ordinarily meet the needs for a sufficiency review.  The mere claim by the trial attorney of inaccurate recollection did not foreclose him from ultimately recalling all of the evidence that would be necessary for complete review of the issues raised in the defendant's motion.  It obviously does not establish that the defendant was unable to present such a statement through his own recollection, that of the former judge, and even that of the prosecutor and witnesses.

In fact, the defendant indicates in his brief that an attempt was not made by including such statements as, "For argument's sake, if we assume that the Appellant could prepare his own statement of evidence, and eventually develop one, the State will most certainly object to his recollection of the events."  As the state points out in its brief, there is no basis for imputing such bad faith upon the state and "it is in the State's best interest to approve a factually correct statement rather than to risk to retry this old case."  Ultimately, though, such argument by the defendant only goes to show that the defendant has failed to prepare an appropriate record on appeal for review.

However, the reason for vacating the judgment and remanding this case arose before the case was appealed.  While the motion for new trial was pending hearing and resolution, Rule 33(f), Tenn. R. Crim. P., became effective so as to reinstate the thirteenth juror rule in all pending actions.  See State v. Enochs, 823 S.W.2d 539, 540 (Tenn. 1991).  Under the thirteenth juror rule, the trial judge has a duty to act as the thirteenth juror to insure that a jury verdict is based upon satisfactory

---

[2]  The motion contains the following assertions:

"1.  That the evidence contained in the record is insufficient as a    matter of law to sustain a conviction for the offenses of driving under the influence of an intoxicant and leaving the scene of an accident;
2.  That there is no evidence contained in the record to support the verdict returned by the jury;
3.  That the verdict is contrary to the law and the evidence;
4.  That the state failed to prove beyond a reasonable doubt and to a moral certainty all of the elements of the offenses of driving under the influence of an intoxicant and leaving the scene of an accident . . . ."

evidence, including that it be presented through sufficiently credible witnesses. See, e.g., State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). This assessment by the trial judge is a prerequisite to the entry of a valid judgment. See State v. Burlison, 868 S.W.2d 713, 718 (Tenn. Crim. App. 1993). Absent the proper approval of the verdict by the trial court, a new trial must be granted. See State v. Moats, 906 S.W.2d 431, 432, 435-36 (Tenn. 1995). In this respect, we believe that a successor judge's consideration, pursuant to Rule 25(b), Tenn. R. Crim. P., of whether the duties of the original judge can be met must include an assessment of his or her ability to act as a thirteenth juror, including witness credibility. See State v. Bilbrey, 858 S.W.2d 911, 914 (Tenn. Crim. App. 1993). Therein lies the problem in this case.

As previously noted, the defendant sought a new trial on the grounds that there was no evidence to support the verdict and that the verdict was contrary to the evidence. These grounds adequately raised the issue of the trial judge's functioning as the thirteenth juror. At that point, the successor judge would need to determine the extent to which witness credibility was a factor in the case and the extent to which he had sufficient knowledge or records before it in order to decide whether the credible evidence, as viewed by the judge, adequately supported the verdict. See Bilbrey, 858 S.W.2d at 915. If these determinations could not be made by the successor judge, the verdict could not be approved and a new trial should have been granted.

Obviously, the defendant had no more obligation than the state to insure that a verbatim record of this misdemeanor trial was available. However, each party bears its own risks and responsibilities relative to a successful conclusion to litigation. In a legal sense, the prosecution has achieved nothing until valid judgments of conviction are entered upon which the state may execute the sentence. Thus, as a practical measure, the state was obligated in this case to insure either that the original trial judge rule on the defendant's motion or that a sufficient record was preserved for the successor judge to review for the purpose of fulfilling the role of thirteenth juror. Absent the record indicating that the defendant somehow unfairly obstructed the state

from pursuing either avenue, there is no issue regarding assessing "fault" to the defendant. Rather, it is the fact that the successor judge did not have an adequate record of the trial for him to function as the thirteenth juror that prevented him from entering a valid judgment. Consequently, a new trial must be granted.

In consideration of the foregoing, we hold that the judgments of conviction are vacated and that the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry Scott, Special Judge