# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2001

## STATE OF TENNESSEE v. EDWIN MILTON SOCALL

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40309     Robert W. Wedemeyer, Judge**

---

### No. M1999-02727-CCA-R3-CD - Filed August 16, 2001

---

The Appellant, Edwin Milton Socall, was indicted by a Montgomery County Grand Jury for driving under the influence (DUI), reckless driving, violation of the implied consent law, and driving on a revoked license (DORL). Following a bench trial, Socall was found guilty of first offense DUI and second offense DORL. He was sentenced to eleven months, twenty-nine days, with all but thirty days suspended, for DUI, and eleven months, twenty-nine days, all suspended, for DORL, second offense. At the bench trial, Socall was represented by retained counsel; however, no court reporter was employed to transcribe the proceedings.

Following his conviction, Socall requested that he be found indigent for purposes of appeal and requested appointed appellate counsel. The trial court granted his request and appointed the public defender's office. Because the proceedings below were not transcribed, a statement of evidence pursuant to Tenn. R. App. P. 24(c) was prepared. On appeal, three issues are presented for our review: (1) Whether "the failure to preserve evidence through the use of a court reporter or tape recording" deprived Socall of an effective appeal; (2) whether the evidence was sufficient to support the convictions of first offense DUI and second offense DORL; and (3) whether the trial court erred by ordering Socall to serve thirty days in confinement. After review, we find issue (1) is without merit and issue (3) is waived. Moreover, we hold the evidence is sufficient to support Socall's convictions for DUI and DORL, second offense. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J. and L. T. LAFFERTY, Sr.J., joined.

Russel A. Church, Assistant Public Defender, Clarksville, Tennessee, for the Appellant, Edwin Milton Socall.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber and Jamie Crenshaw, Assistant District Attorneys General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

Because a stenographic record of the evidence was not made at trial, a narrative statement of the evidence was prepared pursuant to Tenn. R. App. P. 24(c). In conducting a sufficiency review of the evidence, we are required to afford the State the strongest legitimate view of the evidence. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert. denied*, 507 U.S. 954, 113 S. Ct. 1368 (1993). Applying this standard, we have excerpted from the statement of evidence those facts in the light most favorable to the State:

> The State called one witness, Officer Donnie Robbins of the Clarksville Police Department. Officer Robbins['] testimony was substantially as follows:
>
> > At approximately 3:19 a.m. he heard what he believed to be tires squealing on the roadway. He was near the intersection of Highway 41 A and Tiny Town Road. When he looked to his right, he observed a vehicle spinning tires to the point that smoke was coming from the tires. He followed the vehicle a short distance on Highway 41 A where it turned into a parking lot of a bar called the Gold Nugget. The automobile stopped in the parking lot. When the officer pulled in behind the vehicle, the operator put the vehicle in park, turned it off and put the driver's seat in a reclining position. The driver was the sole occupant of the vehicle, and the officer identified the Appellant as the driver.
> >
> > Upon approach to the automobile, the officer detected an odor of an alcoholic beverage through the open window. He asked the Appellant to get out of the vehicle and perform field sobriety tests. The Appellant told him he was familiar with field sobriety tests. He performed two tests, the one legged stand and the walk and turn test. The officer described the tests. In the officer's opinion, the Appellant failed these tests. He was placed under arrest for driving under the influence of alcohol. At the Montgomery County Jail, the Appellant was advised of his rights under the implied consent statute. The officer testified the Appellant understood these rights, asserted them and refused to submit to a breath alcohol test.

## I. Failure to Request a Court Reporter

The Appellant contends that he was deprived of an effective appeal due to trial counsel's failure to preserve evidence through the use of a court reporter at his bench trial. In Tennessee, a defendant in a misdemeanor trial is not automatically provided with a court reporter at state expense. Tenn. Code Ann. § 40-14-307(a) reads, in pertinent part, as follows:

> A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the executive secretary [now administrative director], all proceedings had in open court and such other proceedings as the judge may direct.

However, the "criminal case" to which the statute refers is narrowly, but specifically, defined in Tenn. Code Ann. § 40-14-301(2) as "the trial of any criminal offense which is punishable by confinement in the state penitentiary and any proceeding for the writ of habeas corpus wherein the unlawful confinement is alleged to be in a state, county or municipal institution." Under the law of this state, penitentiary confinement as punishment is the defining feature of a felony as distinguished from a misdemeanor which, by definition, provides for punishment for less than one year. *See* Tenn. Code Ann. § 39-11-110 (1989). In other words, a court reporter is not provided at state expense for a misdemeanor offense unless a defendant is unable to afford one based upon indigency. State v. Nail, 963 S.W.2d 761, 764 (Tenn. Crim. App. 1997). Thus, a verbatim transcript will be unavailable on appeal unless the defendant employs a court reporter at trial. When a verbatim transcript is unavailable, an Appellant may prepare a statement of the evidence. *See* Tenn. R. App. P. 24(c). The State may file objections to the statement of the evidence, and the trial court shall decide what may be properly included within the statement of evidence. Tenn. R. App. P. 24(c) & (e).

In the presence case, the Appellant was charged with misdemeanors and no showing of indigency was established prior to the time of his trial. The trial judge approved the Appellant's statement of evidence and the State made no objection to its accuracy. Despite the Appellant's contentions that a transcript of the evidence was necessary in order "to reflect [whether] objections were made . . . [and] whether they give rise to any issue for appeal," we find that Tenn. R. App. P. 24(c) provides a sufficient substitute for the memorialization of a complete and accurate account of the facts which give rise to those issues which form the basis of the appeal. Thus, this issue is without merit.

## II. Sufficiency of the Evidence

The Appellant contends that the evidence at trial was insufficient to support his convictions for first offense DUI and for second offense DORL because a court reporter did not transcribe the proceedings.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of

demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this Court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally* State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e).

In order to sustain a conviction for first offense driving under the influence, the State must prove the following elements: (1) driving or being in physical control of a motor vehicle (2) upon a public thoroughfare while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401; State v. Ray, 563 S.W.2d 454, 459 (Tenn. Crim. App.1988). According to the statement of the evidence, Officer Robbins testified that after observing the Appellant's erratic driving, he followed him to the Gold Nugget, where he found the Appellant reclined in the driver's seat at which time he detected a strong odor of alcohol. Officer Robbins further testified that the Appellant failed two field sobriety tests. Clearly, the testimony of Officer Robbins, taken in the light most favorable to the State, is sufficient to support the Appellant's conviction for DUI.

Secondly, in order to sustain a conviction for second offense DORL, the State must prove that the petitioner, for a second time, drove a motor vehicle on a public road in Tennessee while the petitioner's privilege to drive was revoked. Tenn. Code Ann. § 55-50-504(a)(2).

An examination of the statement of evidence reveals no reference to any fact relating to the Appellant's charge of DORL. Nonetheless, an exhibit is included in the record of the Appellant's Tennessee Department of Safety "drivers record" which clearly established that the Appellant's drivers license was suspended at the time of this offense. Also included in the record is a certified copy of a conviction, introduced as an exhibit, establishing that the Appellant had previously been convicted of driving on a revoked or suspended license on February 19, 1999. Moreover, as noted, Officer Robbins testified that he saw the Appellant operating the vehicle on a public road. Based upon this proof, we find the evidence sufficient to support the Appellant's conviction for DORL, second offense.

### III. Sentencing

The Appellant argues that the trial court erred by ordering that he serve thirty days of his eleven-month twenty-nine day sentence for DUI in confinement. It is well established that it is the Appellant's duty to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). When a party seeks appellate review, there is a duty to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn.1993). In the present case, the Appellant has failed to include

within the record any evidence pertaining to sentencing.[1] In the absence of an adequate record, the trial court's ruling is presumed correct. State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

Notwithstanding this waiver, we note that the statute pertaining to this offense, Tenn. Code Ann. § 55-10-403(a)(1), provides for a maximum punishment of eleven months and twenty-nine days for the offense of DUI. While trial courts cannot deviate from the length of the DUI sentence, trial courts do retain discretion in determining what portion of the eleven-month and twenty-nine day sentence a defendant will serve in confinement. Troutman, 979 S.W.2d at 272. Accordingly, a trial judge may designate a service percentage in a DUI case under Tenn. Code Ann. § 40-35-302(d) so long as that percentage does not operate to reduce the mandatory minimum sentencing provisions of the DUI statute. State v. Palmer, 902 S.W.2d 391, 394 (Tenn.1995). A DUI offender can be sentenced to serve the entire eleven-month and twenty-nine day sentence imposed as the maximum punishment for DUI. Id. Thus, the period of confinement imposed by the trial court in this case was within the authorized sentencing range. Because the trial court's ruling is presumed correct, this issue is also without merit.

## CONCLUSION

Based upon the foregoing reasons, the judgments of conviction and sentences for first offense DUI and DORL, second offense, are affirmed.

_____
DAVID G. HAYES, JUDGE

---

[1]The statement of the evidence fails to make any reference to the trial court's sentencing determinations. Notwithstanding, the uniform judgment of conviction document which represents the court's official and final adjudication of the issues involved at sentencing is included in the record. The judgment form reflects that the Appellant received a sentence of eleven months, twenty-nine days with all time suspended except for thirty days and was assessed a fine of $250.00. Special conditions imposed include:

(1) State probation; (2) Drivers license is revoked for one year; (3) To begin serving 11-13-99 at 6:00 a.m. for 2 days only. To report again for consecutive Sundays only beginning 11-21-99 at 6:00 a.m. for the completion of sentence; (4) Count 2 is dismissed; (5) Defendant found in violation of implied consent and the defendant's drivers license is revoked for an additional year; (6) To pay fines and costs at $25.00 per month beginning in 30 days.