# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 28, 2006 Session

## STATE OF TENNESSEE v. PATTY GRISSOM

**Direct Appeal from the Circuit Court for Warren County**
**No. M-8669     Larry B. Stanley, Jr., Judge**

**No. M2006-00147-CCA-R3-CD  - Filed April 11, 2007**

The appellant, Patty Grissom, was convicted of misdemeanor possession of drug paraphernalia in violation of Tennessee Code Annotated section 39-17-425, and she was sentenced to eleven months and twenty-nine days, with forty-five days to be served in confinement.  She appealed, arguing that she was improperly sentenced and that trial counsel was ineffective.  We conclude that the record on appeal is insufficient for our review, and, therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and D. KELLY THOMAS, JR., JJ., joined.

Patty Grissom, McMinnville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Dale Potter, District Attorney General; and Thomas Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

As for relevant documents and records, the record on appeal contains the judgment showing the appellant's conviction and sentence; the notice of appeal; and an order of the trial court in response to the appellant's motion to supplement the record on appeal, the motion being filed after the notice of appeal.  That order notes that "[a] transcript of the testimony at the trial of this cause would be appropriate for inclusion in the record on appeal.  However, [the appellant] did not arrange for a Court Reporter to take the testimony in this cause and no record of said testimony is available." Additionally, the order notes that "[i]t is the [appellant's] obligation to provide a statement of the evidence and upon filing of said statement of evidence, the Court shall act upon it in accordance with the provisions of Tennessee Rules of Appellate Procedure 24(e)."  The record does not reveal that the appellant took any action in this regard following the entry of this order.

It is not clear what issues the appellant seeks to have this court consider. The claims raised in the motion for a new trial were "[t]he verdict of the [j]ury is contrary to the weight and preponderance of the evidence" and "to the law in the State of Tennessee" and the "sentence imposed by the Court is contrary to the law in the State of Tennessee." The issues set out in the appellant's brief are that the jurors were prejudiced against her because of "comments" made about her prior record; there was a lack of "proof as to whether the purse in question was the [appellant's]"; and "the compet[e]ncy of [the appellant's] counsel." The appellant also asserts in her brief that "[t]he Statement of Evidence needs to be included due to the TCA 40-35-401(2)," not claiming, however, that such a document was filed.[1]

The State's response to the varying claims made by the appellant is that the record is insufficient for this court to consider her appeal. The State correctly notes that Tennessee Rule of Appellate Procedure 24(b) places the responsibility on the appellant to prepare a complete and accurate record, and, if this is not done, the appellate court assumes that the rulings of the trial court were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). As for the fact that a court reporter did not attend the appellant's trial, the State correctly notes that the combined effect of Tennessee Code Annotated sections 40-14-307(a), 40-14-301(3), and 39-11-110 is that a reporter's presence is not required unless a defendant is indigent. See State v. Nail, 963 S.W.2d 761, 764 (Tenn. Crim. App. 1997). As we have stated, no statement of the evidence as authorized by Tennessee Rule of Appellate Procedure 24(c) was prepared, although, in its order, the trial court advised of this procedure as previously described.

Thus, in a nutshell, the record on appeal shows that the appellant was convicted, but, in the absence of a transcript of the trial or a statement of the evidence, this court cannot consider the issues which she attempts to raise on appeal. Accordingly, the judgment of the trial court is affirmed. However, we conclude that, since the claims of ineffective assistance of counsel were raised for the first time in this court and neither presented to nor ruled upon by the trial court, the appellant is not barred from filing a subsequent post-conviction claim in this regard. See Bobby Allen Joyner v. State, No. 03C01-9807-CR-00260, 1999 WL 318832, at *2 (Tenn. Crim. App. at Knoxville, May 19, 1999).

_____
NORMA McGEE OGLE, JUDGE

---

[1] The appellant filed a motion in this court seeking to supplement the record on appeal with a transcript or a statement of the evidence. This court granted the appellant two extensions of time in which to file the transcript or a statement of the evidence. As this court noted in its order of August 23, 2006, the appellant failed to submit a transcript or a statement of the evidence to the trial court within the time granted by this court.