# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 25, 2012

## STATE OF TENNESSEE v. JUSTIN ELLIS

**Appeal from the Criminal Court for Knox County**
**No. 93768      Bob R. McGee, Judge**

**No. E2011-02017-CCA-R3-CD - Filed March 22, 2013**

ROBERT W. WEDEMEYER, J., dissenting.

I respectfully disagree with the conclusion by the majority that the successor trial judge abused his discretion by finding that witness credibility was not an overriding issue in this case, and approving the jury verdicts as thirteenth juror. On appeal, the Defendant argues that the trial court erred when it denied his motion for new trial because witness credibility was "the sole issue at trial" and the original trial judge did not approve the verdict as the thirteenth juror before being replaced by a successor judge. The majority vacates the Defendant's convictions, concluding that witness credibility was "an overriding issue and that a new trial is therefore required."

Witness credibility is, of course, an important issue in every case. In this case, the successor trial court determined that witness credibility was not an "overriding issue." Our task is to determine whether the successor trial court abused its discretion. A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party. *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn.2011)). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn.1999)). In my view, the successor trial court did not abuse its discretion in this case.

In determining that witness credibility was not an "overriding issue" in this case, the

successor trial judge reasoned as follows:

> [I]t does appear that the *Biggs* case is limited to where, not just where [credibility] is overriding. . . .[I]t's actually a situation where [credibility] is the whole case.

> It is limited pretty much to situations that we sometimes call he said, she said, where the only evidence of the crime is the testimony, the victim, and the only evidence rebutting that - - is the testimony of the defendant. And we are post-trial now, the defendant's right to testify or not to testify was protected at the trial and he made his decision. In judging retrospectively, what the quality of the verdict was. Certainly we are - - we have to take into consideration what the testimony was and the fact is in this case there was no testimony contradicting the testimony of the victims. None.

> We don't have witness versus witness here. We have witness versus argument and that's to what the *Biggs* case is about. Also, I did read the transcript. The tenor of the testimony of the victim's was not that they refused to take their clothes off because they were standing up to the guy. They both testified they were scared to death that if they moved at all he would shoot them. The jury apparently accepted that testimony.

> Also, there was never any real dispute that the [D]efendant was present in the premises and that he stole things from them. So, it's not even by - - you can't even say that the idea was floated to the jury that none of this ever happened. That wasn't in any way presented to the jury. And there was evidence to support the proposition that there was a breaking and entering, damage to the back door. Particularly the witness, I think Jessica Greene, Ms. Greene at least testified that the bottom lock, she called it, was broken. So, this is not a situation where the case hangs entirely on [credibility]. The [credibility] of the victims was not rebutted. There was nothing for the jury to weigh in opposition to the [credibility] of the witnesses. They found the witnesses to be credible and they also apparently gave considerable attention to the case and reflected upon it because they found him not guilty of the kidnapping charges. And it would appear to this Court that the jury did what they were supposed to. They did a good job and this Court does accept their verdict.

In addition to the testimony of the victims, the jury heard the testimony of Knoxville Police Officer John Lawson. In my view, Officer Lawson's testimony concerning the condition of the door at the back of the house and the condition of "disarray" in the bedroom was corroborative of the victims' uncontradicted testimony.

The successor judge was aware of the applicable law, followed the case law on this subject, made findings, and provided a reasoned determination that witness credibility was not an "overriding" issue. *See State v. Biggs*, 218 S.W.3d 643, 655 (Tenn. Crim. App. 2006) (holding that conflict in testimony with no physical evidence made the credibility of witness testimony an "overriding issue" which prevented the successor judge from acting as thirteenth juror). Further, the successor judge thoroughly reviewed the record in this case, allowing him to decide whether the credible evidence adequately supported the verdict. *See Nail*, 963 S.W.2d 761, 766. Thus, I can not agree that the trial court abused its discretion by finding that witness credibility was not an overriding issue in this case.

Accordingly, I would affirm the Defendant's convictions.

_____
ROBERT W. WEDEMEYER, JUDGE